**FILED**
**May 27, 2021**
**09:32 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **JOSHUA BRYANT,** | ) | **Docket No. 2020-08-0309** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MALCO THEATERS INC.,** | ) | **State File No. 97676-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **LIBERTY MUTUAL FIRE INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on May 17, 2021, on Malco's Second Motion for Summary Judgment. Malco contended Mr. Bryant filed his Petition for Benefit Determination outside the one-year statute of limitations. For the following reasons, the Court grants the motion.

### Facts

On December 14, 2017, Mr. Bryant sustained an injury, and Malco provided medical and temporary total disability benefits. Mr. Bryant filed a Petition for Benefit Determination and then a Request for Expedited Hearing seeking additional benefits.

The Court held an Expedited Hearing, where Malco offered an affidavit of its workers' compensation claim representative, Joseph Medvescek. In that affidavit, Mr. Medvescek stated in paragraph 9 that he issued the last payment of disability benefits on April 10, 2018, and stated in paragraph 10 that he last paid a medical bill on March 22, 2019. Mr. Bryant offered no contrary evidence.

After the hearing, the Court found that Mr. Bryant filed his petition on March 26, 2020, more than one year after the last payment of benefits on March 22, 2019. Thus, the Court held that Mr. Bryant likely would not prevail at a hearing on the merits because his claim is barred under the applicable statute of limitations. Specifically, under Tennessee

1

Code Annotated section 50-6-203(b)(2)(2020), an employee must file his petition within one year of when the employer last voluntarily paid benefits.

Afterward, Malco filed its first Motion for Summary Judgment on the grounds of statute of limitations. In support, Malco filed a Statement of Undisputed Material Facts in which it asserted, as relevant, the following: "Employer/Carrier issued the final temporary disability payment on April 10, 2018 and paid the last medical bill on March 22, 2019. (See Exhibit D: Affidavit of Joseph Medvescek ¶¶ 9-10)." However, the affidavit of Mr. Medvescek filed with the motion did not contain paragraphs 9 and 10.

Because of the missing paragraphs, the pleadings and affidavits on file did not show when Malco last paid benefits. Thus, on April 8, 2021, the Court denied Malco's first Motion for Summary Judgment.

Malco filed this Motion for Summary Judgment on April 14. It included the same Statement of Undisputed Facts and affidavits, but the affidavit of Mr. Medvescek now contained the previously missing paragraphs as to when Malco last paid benefits. Mr. Bryant did not file a response to the motion.

On May 17, the Court heard argument. Malco reiterated that the last payment of benefits was made on March 22, 2019, and that the Petition for Benefit Determination was filed more than one year later on March 26, 2020. Mr. Bryant argued that a physician had related his current complaints to his injury and that the Court should consider that fact as relevant to the statute of limitations.

**Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020). To prevail, Malco must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Bryant's claim, or (2) demonstrate that Mr. Bryant's evidence is insufficient to establish entitlement to further benefits. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Further, the Appeals Board has stated the filing requirements of Tennessee Rules of Civil Procedure 56 "are not mere suggestions," but plain and unambiguous requirements. *Thomas v. Zipp Express,* 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Mar. 15, 2017). Specifically, as the moving party, Malco must file a statement of undisputed material facts with citations to the record. Mr. Bryant *must respond* to Malco's statement of undisputed facts, stating either his agreement with them or by showing how they are disputed. Tenn. R. Civ. P. 56.03. (Emphasis added)

Here, the essential element of Mr. Bryant's claim is whether he timely filed the petition. Because Malco voluntarily paid benefits, Mr. Bryant was required to file a petition within one year of when Malco ceased paying benefits. Tenn. Code Ann. § 50-6-203(b)(2). Malco asserted in the statement of undisputed facts that it last paid benefits on March 22, 2019, and, unlike in the first motion, that statement is now supported by the affidavit of Mr. Medvescek. Mr. Bryant filed nothing in response. The Court considered his argument at the hearing, but in the absence of a written response to the statement of undisputed facts, the Court must accept Malco's statements as true.

Therefore, the Court finds no genuine issue of material fact as to when Malco last paid benefits. Because that date was more than one year before Mr. Bryant filed the Petition for Benefit Determination, Malco is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Malco's motion for summary judgment and dismisses Mr. Bryant's claim with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Malco, for which execution might issue as necessary. Malco shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4. Malco shall file Form SD-2, Statistical Data form, with the Court Clerk within five business days of this order becoming final.

   **ENTERED May 27, 2021.**

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 27, 2021.

| Name | Via Email | Service Sent To: |
|---|---|---|
| Joshua Bryant, Employee | X | 9146 Forest Island Dr., N., Collierville, TN 38017 joshuamusic7@yahoo.com |
| Effie B. Cozart, Employer's Attorney | X | effie.cozart@libertymutual.com kathleen.langston@libertymutual.com |

*Penny Shrum*
_____
**Penny Shrum, Court Clerk**
**Wc.courtcler@tn.gov**

4



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  *See* Tenn. Code Ann. § 50-6-239(c)(7).**

***For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.***



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____ issued

by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____   ☐Employer ☐Employee

Address: _____   Phone: _____

Email: _____

Attorney's Name: _____   BPR#: _____

Attorney's Email: _____   Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe:_____

11. My debts are:

Amount Owed          To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                  RDA 11082